■ In the Matter of the Claim of MIRIAM HOUGHTON, Respondent, against BABCOCK & WILCOX Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of death benefits upon the grounds of: (1) lack of jurisdiction of the board; and (2) assuming jurisdiction, that the accident did not arise out of and in the course of employment. The employer, with its principal office in New York City, operates a very large business with plants in many States and employs about 23,000 employees. It has a definite recruiting and student training department for the purpose of hiring and training college graduate engineers. Decedent, a resident of Flushing, New York, was hired in New York pursuant to this program. He was always paid from the New York office by checks drawn on a New York bank. The New York office was headquarters for the student training program. At the time of his accident decedent was temporarily assigned

for training purposes to an operation of the employer at Glen Lyn, Va. He was required to live near the scene of the work and because of the temporary nature of the assignment he was paid an allowance toward his expenses in addition to his salary. He was subject to reassignment from the New York office and would normally have been given a permanent assignment from the New York office after the completion of this training. Under these circumstances the board was justified in assuming jurisdiction. (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199; *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.*, 304 N. Y. 461.) Decedent died as the result of injuries sustained in an automobile accident while he was on his way from temporary living quarters, four or five miles from the job site, to the job site. While decedent was on a temporary assignment away from his permanent place of residence, with the employer, for that reason, contributing toward his expenses, any reasonable activity and especially going from his temporary quarters to the job site, could be found to be within the course of his employment. The accident arose from the risk of his employment. The fact that decedent was living in temporary quarters other than a hotel room is of no important consequence. The evidence in the record is adequate to support the finding of the board that the injuries resulting in death arose out of and in the course of employment. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.